UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIEH GUBEREK<br>    *Plaintiff,*<br><br>v.<br><br>THE OFFICE OF FOREIGN ASSETS CONTROL<br>    *Defendant,*<br> And<br><br>THE UNITED STATES DEPARTMENT<br>OF THE TREASURY<br>    *Defendant,*<br> And<br><br>JACOB J. LEW<br>in his official capacity as<br>Secretary of the Department of the Treasury<br>    *Defendant.* | CIV. NO. _____<br><br>**COMPLAINT** |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF IN THE NATURE OF MANDAMUS

Plaintiff, Arieh Guberek ("Mr. Guberek" or "Plaintiff Guberek") hereby files his complaint against Defendants Office of Foreign Assets Control ("OFAC"), United States Department of the Treasury and Secretary of the Treasury Jacob J. Lew, and petitions this court to issue a Declaratory Judgment or, alternatively, a Writ fo Mandamus requiring OFAC to take immediate action with respect to Mr. Guberek's request: 1. That he be removed from the Specially Designated Nationals List ("SDN List"), or in the alternative, 2. That OFAC specify additional information in order for OFAC to issue a decision with respect to Mr. Guberek's status on the SDN List.

## PARTIES

1. Plaintiff Guberek is a foreign national residing in the country of Colombia.

2. On or about July 9, 2013, OFAC placed Mr. Guberek's name on the SDN list pursuant to the Foreign Narcotic King Pin Designation Act. The placement of Mr. Guberek's name on the OFAC SDN List is without any reasonable basis or legal cause.

3. Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the U.S. Department of the Treasury, 1500 Pennsylvania Ave., NW, Annex, Washington, DC 20220. Plaintiff is informed and believes thereon alleges that OFAC is responsible for making decisions regarding placing persons on, and removing persons from, the SDN List under the Foreign Narcotics Kingpin Designation Act.

4. Defendant United States Department of the Treasury is responsible for the financial and economic security of the United States. The Department of Treasury is also responsible for overseeing various offices including OFAC.

5. Defendant Jacob J. Lew is the Secretary of the Treasury of the United States. Mr. Lew is sued in his official capacity.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 21 U.S.C. §§ 1901-1908; 28 U.S.C. § 1331 (Federal Question); 5 U.S.C. §§ 706(1), 551 and 555(e) of the Administrative Procedure Act; and 28 U.S.C. §§ 2201(a), 2202 of the Declaratory Judgment Act.

7. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e), and 5 U.S.C. § 703.

## **BACKGROUND AND FACTS**

8. On or about July 9, 2013, Mr. Guberek was placed on the SDN List.

9. On or about July 12, 2013, attorney David Zapp, Esq. ("Mr. Zapp") requested in writing a license from OFAC so that Mr. Zapp could investigate the matter of why Mr. Guberek was placed on the SDN List. Mr. Guberek was seeking to be removed from the list because he was placed on the list without cause.

10. On or about July 19, 2013, OFAC acknowledged receipt of Mr. Zapp's request.

11. On July 29, 2013, OFAC issued a license to Mr. Zapp (a copy of the OFAC license is attached hereto as Exhibit A).

12. On August 16, 2013, Mr. Zapp wrote a letter to Adam J. Szubin, director of OFAC, explaining that Mr. Guberek felt he had been placed in error. Mr. Guberek also requested the basis for the allegation, as well as the unclassified portions of the administrative record underlying the designation in order to have a meaningful opportunity to respond. There was a brief explanation by Mr. Zapp as to why Mr. Guberek felt he was placed on the SDN list in error. The letter is attached hereto as Exhibit B.

13. On September 9, 2013, Mr. Zapp requested the questionnaire OFAC customarily sends to the designee to fill out prior to making a reconsideration decision. This letter is attached hereto as Exhibit C.

14. On September 27, 2013, Mr. Zapp sent OFAC a letter requesting that OFAC indicating that he had not received a response to any of his prior communications, including his

3

request for the administrative record and questionnaire. This letter is attached hereto as Exhibit D.

15. A letter was received by Mr. Zapp's office from OFAC dated October 17, 2013, acknowledging receipt of Mr. Zapp's letter dated August 16, 2013. In that letter OFAC stated the request was "under review" and that "…the review process can be lengthy, and it is likely that OFAC will seek additional information from your client before a final determination is made concerning your client's designation as an SDNT." That letter is attached hereto as Exhibit E. It is clear from reading this letter that OFAC has not read Mr. Zapp's September 9, 2013, letter which states that the investigation regarding Mr. Guberek has been done and completed and if OFAC would speak with their office in Bogota, Colombia, OFAC would have all of the information they would need.

16. On October 25, 2013, Mr. Zapp sent OFAC another letter asking for the questionnaire. Attached hereto as Exhibit F.

17. Between August 16, 2013, and September 27, 2013, Mr. Zapp called OFAC's office multiple times. He was unable to reach anyone at OFAC's office and no one at OFAC returned any of his phone calls.

18. Despite the forgoing attempts by Mr. Guberek, OFAC has completely failed to respond to Mr. Guberek's requests for removal from the SDN List, or in the alternative, that OFAC specify additional information in order for OFAC to issue a decision with respect to Mr. Guberek's status on the SDN List.

19. OFAC's refusal to respond to Mr. Guberek is in direct violation of Mr. Guberek's Due Process Rights, 21 C.F.R. §§ 501.802 and 501.807, and 5 U.S.C.A. § 555(e).

# CAUSE OF ACTION—UNREASONABLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

# CAUSE OF ACTION—UNREASONABLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT

20. Mr. Guberek realleges and fully incorporates by reference the allegations of paragraphs 1-14 above.

21. The Foreign Narcotic Kingpin Designation Act was enacted because Congress found there is a "national emergency resulting from the activities of international narcotics traffickers and their organizations that threatens the national security, foreign policy, and economy of the United States. 21 U.S.C.A. §1901. The Foreign Drug Kingpin Designation Act is codified at 21 U.S.C. §1901–1908 and 31 C.F.R. §§500.501-501.808.

22. The Foreign Narcotic Kingpin Designation Act provides definition and defines "foreign person" as "any citizen or national of a foreign state or any entity not organized under the laws of the United States, but does not include a foreign state." 21 U.S.C.A. § 1907.

23. The Foreign Narcotic Kingpin Designation Act defines "significant foreign narcotics traffickers" as "any foreign person that plays a significant role in international narcotics trafficking...."

24. 31 C.F.R. §§ 501.807 provides that a "blocked person" is a "person blocked under the provisions of any part of this chapter, including a specifically designated national, specially designated terrorist, or specially designated narcotics trafficker...."

25. The placement of Mr. Guberek on the SDN List and his designation as a "blocked person" has no basis for several reasons, including but not limited to the following: a) Mr. Guberek is not a "narcotics trafficker," let alone a "significant foreign narcotics trafficker"; and b) Mr. Guberek has taken steps to sever his ties to corporations owned by Mr. Guberek's brother ("Henry Guberek") and father ("Isaac Guberek") who were

indicted in the Southern District of Florida for money laundering the proceeds of narcotics trafficking. Additionally, Mr. Guberek is willing to take any extra steps OFAC requests to further distance himself from his brother and father. Therefore, there is nothing that "…threatens the national security, foreign policy, and economy of the United States."

26. Henry and Isaac Guberek were indicted in the Southern District of Florida for money laundering the proceeds of narcotics trafficking. Mr. Guberek is a shareholder of some of the legitimate family-owned corporations that Henry and Isaac utilized in their money laundering scheme. Mr. Guberek has taken steps to sever his ties to his father and brother by resigning from or dissolving the corporations under his control that are listed by OFAC.

27. Additionally, Mr. Guberek ceased his active involvement with the family corporations in January 2010, due to disagreements with his family members over how the business should be run. After leaving the family business, Mr. Guberek started his own business. Mr. Guberek has not done any business with his family since then, and has had only limited social contact with his father and none with his brother. The conspiracy for which Henry and Isaac Guberek were indicted is alleged to have begun eight months after Mr. Guberek ceased his active involvement in the family business.

28. Mr. Guberek's new business did use one of the family's preexisting corporations as it had been given a favorable designation by the Colombian government that entitled it to certain financial benefits, including the deferment of payments of duties. This designation is not available to a new corporation. The only reason Mr. Guberek used one of the family's preexisting corporations in setting up his own business was to take advantage of

this favorable treatment. Mr. Guberek's business is otherwise completely independent of the family business; Henry and Isaac Guberek have no involvement in this corporation. The records of Mr. Guberek's new business are available for OFAC's inspection.

29. Mr. Guberek's designation has caused serious financial harm and social stigma. Mr. Guberek is a part of a close-knit community of Jewish people in Colombia. His designation has caused his community to shun him, and he will not be able to reintegrate himself into the community until he is removed from the SDN List.

30. 31 C.F.R. § 501.807 provides that a "blocked person" may seek administrative reconsideration of his designation and thus seeks to have the designation rescinded pursuant to following certain administrative procedures.

31. 31 C.F.R. § 501.807(a) provides that these administrative procedures include the submission of "arguments or evidence that the person establishes that insufficient basis exists for designation." The submission must be made in writing and addressed to the director of the Office of Foreign Assets Control.

32. 31 C.F.R. § 501.807(c) also provides that a "blocked person seeking unblocking...may request a meeting with the Office of Foreign Assets Control...."

33. 31 C.F.R. § 501.807(d) provides that, after the Office of Foreign Assets has conducted review of the request for reconsideration, it "will provide a written decision to the blocked person...."

34. Further, 31 C.F.R. § 501.802 provides that the "Office of Foreign Assets Control will advise each applicant of the decisions respecting filed applications."

35. 5 U.S.C.A. §555(e) requires that prompt notice be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in

connection with any agency proceeding. Except in affirming a prior denial, or when the denial is self-explanatory, the notice shall be accompanied by a brief statement of the grounds for denial.

36. 5 U.S.C.A. §706(a) provides that, to the extent necessary to the decision, and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.A. § 706(a).

37. The court may also hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C.A. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C.A. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C.A. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act*." 5 U.S.C.A. § 551(13) (emphasis added).

38. OFAC has violated, and continues to violate, 5 U.S.C.A. §§ 551, 555, 706 by unlawfully withholding and unreasonably delaying for several months with respect to the issuance of a written decision on the request of Mr. Guberek to be removed from the SDN List, or in the alternative, that OFAC specific additional information in order for OFAC to issue a decision with respect to Mr. Guberek's status on the SDN List. OFAC has also provided no explanation for the delay and failure to issue such a decision or taking any action in the last several months.

39. OFAC has also failed to satisfy its statutory duty pursuant to 31 C.F.R. §§501.801 and 501.807 by unreasonably delaying and withholding a decision regarding Mr. Guberek's request to be removed from the SDN List, or in the alternative, that OFAC specific additional information In order for OFAC to issue a decision with respect to Mr. Guberek's status.

40. OFAC has not provided any explanation for the delay in failing to issue such a decision and/or taking any action whatsoever in past three months. The passive response by OFAC over such a significant amount of time is an unlawful, unreasonable agency action and a clear abuse of discretion.

41. Mr. Guberek continues to suffer insurmountable prejudice so long as he remains on the OFAC list. There have been a number of people refusing to pay their debts owed to Mr. Guberek by taking advantage of the fact that Mr. Guberek is on the OFAC list. These people, non-US citizens, use his presence on the list as a basis not to pay legitimate debts. His clients are abandoning him because he is on the list (Mr. Guberek is a sports agent.) There is an insurance company, Global Education (a corporation incorporated and operating out of Barbados,) refusing to pay for his sons' education as they were obligated to on the specious ground that he, not his sons, are on the OFAC list. The possibility for prejudice is endless, and it will not end until Mr. Guberek is removed from the list.

42. As a result of the aforesaid delay and failure to act, Mr. Guberek, his wife, and his children have suffered and continue to suffer injury and hardships, which he would not have suffered had OFAC acted in a reasonable and timely manner. Declaratory relief is therefore warranted.

43. Mandamus is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act. Plaintiff Guberek has exhausted all administrative remedies and has no adequate means to obtain the relief requested. Mr. Guberek has "no other adequate means to attain the relief [he] desperately need[s]." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Mr. Guberek's right to issuance of the writ is therefore "clear and indisputable."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Arieh Guberek prays for the entry of judgment from this Court:

a. Declaring and/or ordering OFAC to issue a written decision (or, in the alternative, grant Mr. Guberek a hearing) within 30 days regarding Mr. Guberek's request: 1) That his named be removed from the SDN List; or 2) that OFAC specify additional information in order for OFAC to issue a decision with respect to Plaintiff's status on the SDN List.

b. Awarding Mr. Guberek his costs incurred in this action;

c. Awarding Mr. Guberek attorney's fees incurred in this action; and

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

Dated: November 5, 2013

Respectfully submitted,

_____
David Zapp, Esq.
46 East 92nd St., Suite 2
New York, New York 10128
(212) 410-3351